738 So.2d 973 (1999)
Jesse Daniel BACON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3749.
District Court of Appeal of Florida, Fourth District.
June 23, 1999.
Donnie Murrell, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Jesse Daniel Bacon (Bacon), pled guilty to thirteen counts of burglary of a conveyance, two counts of grand theft of an automobile and violation of probation. Bacon filed a motion to vacate, which was treated as a motion to withdraw the plea pursuant to Florida Rule of Criminal Procedure 3.170 (l). Bacon's motion was denied by the trial court. Bacon raises three points on appeal. We affirm on all three points and choose to discuss point I.
Bacon's first point on appeal is that his guilty plea was rendered involuntary by the ineffective assistance of counsel. The trial court's decision regarding withdrawal of a plea will generally not be disturbed on appeal, absent a showing of an abuse of discretion. See Hunt v. State, 613 So.2d 893, 896 (Fla.1992). Therefore, the appropriate standard of review in this case is whether the trial court abused its discretion in denying Bacon's motion to vacate.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established the standard to be utilized in addressing claims of ineffective assistance of counsel at trial. The Court in Strickland stated:
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, *974 the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Id. at 687, 104 S.Ct. 2052. The two-pronged test in Strickland was extended to allegations of ineffective assistance of counsel arising out of the plea process in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
At Bacon's hearing on his motion to withdraw his plea, the trial court, after taking extensive testimony, concluded that Bacon did not meet the two-pronged test. There was evidence to support the trial court's finding that the plea was not involuntary. It should also be noted that Bacon did not take the stand at this hearing to either confirm the involuntary nature of his plea or to indicate how the alleged ineffectiveness of counsel would have changed his decision to plead guilty. We find there was no abuse of the trial court's discretion in denying the motion to withdraw the guilty plea and affirm the conviction and sentence.
AFFIRMED.
KLEIN, J., concurs.
GROSS, J., concurs specially with opinion.
GROSS, J., concurring specially.
I concur in the result reached by the majority because the decision of the trial court was a discretionary call to which this court should defer unless there has been an abuse of that discretion.
The issue in this case is whether the trial court erred in denying appellant's motion to withdraw his plea under Florida Rule of Criminal Procedure 3.170(l). The deficiencies in the original lawyer's representation were relevant insofar as they affected the voluntariness of the plea. There was evidence in support of the motion. Two experts in criminal law, Carey Haughwout and Tom Gano, testified concerning the deficiencies in the representation of appellant's counsel at the time of the plea. A crisis intervention teacher, a teacher of the emotionally handicapped, and a psychologist testified concerning appellant's learning disabilities, emotional handicaps, and intellectual limitations. All of these disabilities affected appellant's ability to knowingly and intelligently enter a plea. However, in the end, it was the trial judge who was present at the plea conference. I cannot say that there was an abuse of discretion.