STONE, J.
We affirm an order denying Leblanc’s motion to withdraw plea.
Before the trial court accepted Leblanc’s plea, it conducted a full inquiry. The record also reflects that Leblanc and his counsel spent ample time going over the plea.
Six weeks later, at sentencing, defense counsel advised the court that “he’s finding that he doesn’t want to plea. He wants to go to trial ... I don’t know what else to tell the Court.” There was no further allegation or showing. The court, noting this, proceeded with sentencing. Subsequently, Leblanc filed a pro se motion to withdraw plea, stating that he entered the plea based on what he perceived to be “undue pressure exerted upon him.”
Leblanc has not asserted or alleged facts indicating that he was incompetent, that the plea was involuntary as induced by fear, misapprehension, undue persuasion, promises, mistake, fraud, inadvertence, ignorance or the like, or that an injustice would result if he was not permitted to withdraw the plea. His attorney stated only that Leblanc decided he wanted to go to trial. Leblanc’s written motion, filed after sentence was imposed, does not even assert facts to refute that his plea was made knowingly, intelligently, and voluntarily. In short, he has failed to demonstrate an abuse of the trial court’s discretion. See Hunt v. State, 613 So.2d 893, 896 (Fla.1992); Bacon v. State, 738 So.2d 973, 973 (Fla. 4th DCA 1999).
KLEIN and HAZOURI, JJ., concur.