593 So.2d 233 (1991)
Douglas DE ABREU, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3718.
District Court of Appeal of Florida, First District.
December 26, 1991.
Rehearing Denied March 16, 1992.
Douglas De Abreu, pro se.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Douglas De Abreu, appeals the trial court's denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant's motion raises several claims, one of which merits discussion. Taking as true the facts as related in the motion, appellant was charged with possession of cocaine, and on April 23, 1990, entered a plea of guilty to the stated charge. Pursuant to the plea agreement, the state recommended a term of eighteen months of supervised probation which expired on October 23, 1991. The trial court accepted appellant's plea and withheld adjudication. After being placed on probation, appellant was arrested by agents of the Immigration and Naturalization Service and charged with violation of immigration laws based on appellant's conviction for possession of cocaine.
On appeal, among the issues raised, appellant argues that his plea was entered *234 involuntarily because of the trial court's failure to inform him, as required by Florida Rule of Criminal Procedure 3.172(c)(viii), that if he is not a citizen of the United States, his plea may subject him to deportation pursuant to the laws and regulations governing the United States Naturalization and Immigration Service.[1] Pursuant to this court's order of October 1, 1991, the state filed a response to the claims raised in appellant's motion.
Although Florida Rule of Criminal Procedure 3.172(i) states that failure to follow any of the procedures in this Rule shall not render a plea void absent a showing of prejudice, it appears that appellant's motion, on its face, makes a showing that appellant's plea was entered involuntarily and that appellant was prejudiced by the trial court's failure to follow the procedure set forth in Rule 3.172(c)(viii). We find prejudice in the fact that appellant is now facing the precise dilemma against which the rule is designed to protect  the surprise threat of deportation resulting from an uninformed plea of guilty or nolo contendere. As a consequence, we find it necessary to reverse and remand with directions to the trial court to either conduct an evidentiary hearing for the purpose of determining the voluntariness of appellant's plea, or to attach to the order a copy of that portion of the files and records which conclusively shows that appellant is entitled to no relief.
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH, BARFIELD and MINER, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.172 states in pertinent part:

(c) Except where a defendant is not present for a plea, pursuant to the provisions of Rule 3.180(c), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he understands the following:
(viii) That if he or she pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Naturalization and Immigration Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.