PER CURIAM.
This court granted appellant’s unopposed motion to consolidate these appeals. In Case No. 91-2868, the state charged appellant with four counts: trafficking in cocaine (Count I), possession of diazepam (Count II), battery on a law enforcement officer (Count III) and possession of drug paraphernalia (Count IV). In Case No. 91-2886, the state charged appellant with trafficking in cocaine. These cases proceeded together in the trial court. On June 24, 1991, at one hearing, appellant appeared before the court and entered an open plea of guilty to all charges in both cases. On September 10, 1991, appellant moved to withdraw his plea of guilty in Case No. 91-2868 on the grounds that he failed to fully understand the terms of the substantial assistance agreement and that the conduct of law enforcement made his performance of the agreement impossible. The motion also stated, “Other grounds to be argued ore tenus.” At the hearing on the motion to withdraw the plea, appellant, in addition to his arguments regarding the substantial assistance agreement, argued he knew neither that he was facing nine to twenty-two years when he entered his plea nor that the maximum penalty for trafficking was thirty years.
The record contains sufficient evidence to show appellant understood the terms of the substantial assistance agreement and that his failure to perform the agreement did not result from the conduct of law enforcement. The trial court sentenced appellant in Case No. 91-2868 on Count I to a three-year mandatory minimum term of incarceration and ordered him to pay a $50,000 fine plus a surcharge. The court ordered concurrent three-year terms on Counts II and III and time served on Count IV. This sentence conforms to appellant’s admitted understanding that he thought he was facing seven to nine years imprisonment. Therefore, we affirm the trial court's order denying appellant’s motion to withdraw his plea and his conviction and sentence in Case No. 91-2868.
While the record is not clear that appellant asserted his arguments regarding the substantial assistance agreement as the basis for moving to withdraw his plea in Case No. 91-2886, we reach the same conclusion on this issue as we have in Case No. 91-2868. However, the record does not establish that appellant understood he was facing nine to twenty-two years imprisonment on his plea of guilty in this case. The trial court applied a permitted guidelines range of five and one-half to twelve years imprisonment when it sen *709 tenced appellant in Case No. 91-2886 to nine years incarceration with a three-year mandatory minimum term, to be served consecutive to the sentence in Case No. 91-2868, and a $50,000 fine plus a surcharge. The trial court apparently rejected his counsel’s testimony that he told appellant he was facing nine to twenty-two years. The trial court stated:
But I have to give the Defendant the benefit of the doubt since it was stated, but at the time of the change of plea seven to nine years was the range. So we’re going to proceed on the assumption it was seven to nine years, which would make the range actually — what is it, five-and-a-half to twelve that would be the range.
While the trial court concluded appellant understood the sentencing range to be seven to nine years, the trial court’s consecutive sentence amounted to twelve years incarceration. The record supports appellant’s contention that he misunderstood the length of his sentence. Therefore, we hold the trial court erred when it denied appellant’s motion to withdraw his guilty plea in Case No. 91-2886. See Elias v. State, 531 So.2d 418 (Fla. 4th DCA 1988).
Accordingly, we affirm appellant’s conviction and sentence in Case No. 91-2868. We reverse appellant’s conviction and sentence in Case No. 91-2886 and remand this cause with instructions to the trial court to grant appellant’s motion to withdraw his plea of guilty.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GLICKSTEIN, C.J., DELL, J„ and OWEN, WILLIAM G, Jr., Senior Judge, concur.