685 So.2d 1385 (1997)
Gwench L. SANDERS a/k/a Gwench L. Stevens, Appellant,
v.
STATE of Florida, Appellee.
Nos. 95-3346, 95-4013.
District Court of Appeal of Florida, Fourth District.
January 8, 1997.
Richard L. Jorandby, Public Defender, and Michael J. Doddo, Fort Lauderdale, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michelle A. Konig, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Gwench Sanders appeals the denial of his rule 3.850 motion, alleging error in the trial court's failure to abide by Florida Rule of Criminal Procedure 3.172(c)(8), which requires a trial court accepting a plea of guilty or nolo contendere to inform the defendant that if he or she is not a United States citizen, the plea may subject him or her to deportation. We reverse and remand with directions to allow Sanders to withdraw his March 1993 plea of nolo contendere to the violation of community control charge and the new 1992 charges. Perriello v. State, 684 So.2d 258 (Fla. 4th DCA 1996); Marriott v. State, 605 So.2d 985(Fla. 4th DCA 1992).
We reject the state's argument Sanders is precluded from alleging error because he responded falsely to the court's limited inquiry regarding his citizenship. Compliance with rule 3.172(c)(8) is mandatory, thus the rule contemplates a trial court will not inquire regarding citizenship. See Marriott, 605 So.2d at 987.
REVERSED and REMANDED.
POLEN, FARMER and PARIENTE, JJ., concur.