745 So.2d 469 (1999)
STATE of Florida, Appellant,
v.
Hossain RAJAEE, Appellee.
No. 98-3476.
District Court of Appeal of Florida, Fifth District.
November 19, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellant.
Jack R. Maro, Ocala, for Appellee.
HARRIS, J.
Rajaee trafficked in such a large quantity of cocaine that his penalty upon conviction would have been a minimum of fifteen years in prison. He entered into a plea agreement by which he was sentenced to four years in prison with probation to follow. Although Rajaee was born in Iran, and even though the court specifically advised him before plea that a conviction might subject him to deportation, he pled nolo contendere and, after a pre-sentence investigation, was sentenced according to the agreement.
Upon arriving at the Department of Corrections, Rajaee was contacted by INS concerning possible deportation. Rajaee *470 then moved to withdraw his previous plea because he claims that he mistakenly believed at the time of his plea that he was an American citizen and that if deported to Iran he would be subject to execution.
Rajaee's burden in setting aside his plea is established by Florida Rule of Criminal Procedure 3.170(l):
(l) Motion to Withdraw the Plea after sentencing.
A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rules of Appellate Procedure 9.140(b)(2)(B)(i)-(v). (Emphasis added).
The only possible basis available under the referenced rule for Rajaee to invoke is that the plea was involuntary. Throughout the hearing, the judge made two points clear. First, that he believed that Rajaee entered the plea because it was such a good offer and that Rajaee believed that INS would simply leave him alone. It was only after the INS contact indicating that his gamble had gone south that Rajaee discovered his "mistake." Second, although not authorized by the rule as a basis for withdrawal of plea, the judge made it clear that even if there were no mistake he did not want Rajaee to be deported by INS to Iran. After very brief testimony, the judge set aside the plea, without setting forth his reasoning, and the State appeals. We reverse.
Florida Rule of Criminal Procedure 3.172(c)(8) requires that the judge inform the defendant that deportation may be a consequence of the plea if defendant is not a citizen. The rule does not require the judge to inquire as to whether the defendant is a citizen or to explain the requirements of becoming a citizen to a defendant. A defendant is put on notice that he should know, or if any doubt exists he should determine, his citizenship status before proceeding with the plea. No case has been cited to us which indicates that a mistake not caused by the court, defense counsel, law enforcement, or someone representing the state or not based on a misunderstanding of the plea agreement, the score sheet, or some document prepared by some governmental agent is sufficient to make a plea involuntary. In short, a mistake of some fact solely within the knowledge or control of the defendant has not been approved as a basis for withdrawing a plea. In Johnson v. State, 648 So.2d 263 (Fla. 5th DCA 1994), this court held:
Johnson's basis for seeking to withdraw his guilty plea in this case was that he was unaware of his own probationary status stemming from another criminal case at the time he pled guilty. Where the mistake or misunderstanding in entering a plea is attributable to the defendant, it is not error for the court to refuse to allow withdrawal of it.
Even assuming that a "mistake" relating to one's citizenship status, as opposed to a mistake relating to the consequence of a plea based on that status, is sufficient to make the plea "involuntary," the evidence presented in this case fails to establish even that a mistake was made. The court asked the defendant, "But are you a citizen or not?" The defendant responded, "Immigration, when they came after me that I'm not a citizen, Your Honor. They came to me in Marion County, then when I got to Lake Butler they came to tell me. And I said, `I am a citizen. I have a child here. I've been here twenty years. My whole family is citizen.'" Perhaps it is overly technical, but this testimony does not prove a mistake concerning his belief that he was and is a citizen, but only that there is a disagreement as to his citizenship which must be determined by INS. Thus, the record does not support the basis for his motion.
Although both Rajaee and his counsel, *471 for different reasons[1], predicted dire consequences if Rajaee were to be deported, defense counsel candidly admitted he had no evidence that he could offer as to what would happen to Rajaee upon deportation. While the harshness of the Iranian justice system is disturbing, it is not a problem to be addressed by our criminal court. If Rajaee is deported, it is because as a noncitizen he violated our drug laws. He should not be treated any differently in relation to our criminal justice system merely because of from whence he came. The possibility of harsh treatment upon deportation should be, and may well be, a consideration of INS.
REVERSED.
THOMPSON, J., concurring specially, with opinion.
W. SHARP, J., dissents, with opinion.
THOMPSON, J., concurring specially.
I agree with Judge Harris' determination that there was no legal basis to set aside the plea. Although the trial court has discretion to set aside a plea, an appellate court can reverse the decision if there has been an abuse of discretion. See Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983). Here, the trial court's only reason for setting aside the plea was that Rajaee might be executed if he were deported to Iran. In essence, the trial court felt that the consequences of pleading no contest, deportation and subjection to the laws of Iran, might be too harsh. That reasoning is neither recognized by the Florida Rules of Criminal Procedure nor Florida case law.
In Peart v. State, 705 So.2d 1059 (Fla. 3d DCA), rev. granted, 722 So.2d 193 (Fla. 1998), the court gave five elements necessary to set aside a plea if the trial court failed to inform a defendant of immigration consequences: (1) that the defendant was not advised by the court of the immigration consequences; (2) that defendant had no actual knowledge of same; (3) that INS had instituted deportation proceedings, or defendant is at risk of deportation; (4) that defendant would not have pled had defendant known of the deportation consequences; and (5) that had defendant declined the plea offer and gone to trial, defendant most probably would have been acquitted.
Here, there is no doubt that the court informed Rajaee that he might be deported if he was not a citizen. The deportation implications of his plea were discussed on two occasions with the court before he was sentenced. He admits on appeal that he was so informed. Therefore, he knew of the consequences when he entered the plea and has failed to prove one of the requisite elements. Further, the evidence against him is such that Rajaee has failed to show the last element: that he most probably would have been acquitted. An undercover officer was involved in the sale of half a kilogram of cocaine. Rajaee was videotaped and separately audiotaped as he gave the officer $7,900 for the cocaine. A jury might acquit him through a jury pardon, but that is improbable. The trial court was concerned with Rajaee's ultimate fate but Rajaee's apprehension cannot be the sole basis to set aside the plea. In this case, the trial court abused its discretion.
W. SHARP, J., dissenting.
I respectfully dissent. The majority reverses the trial court's order which allowed the defendant Rajaee to withdraw his plea and set aside Rajaee's conviction and sentence based on that plea. Because of the highly unusual circumstances of this case, I cannot agree the trial judge abused his discretion in setting aside the plea.
During an undercover "sting" operation, Rajaee allegedly purchased a quantity of *472 cocaine from a police informant. The transaction was videotaped and the informant was outfitted with a bodybug. Rajaee was charged with trafficking in cocaine and conspiracy to traffic in cocaine. Despite the seemingly irrefutable evidence against him, the state offered Rajaee a plea agreement of four years incarceration followed by three years probation. Perhaps this was done because the equipment malfunctioned or there were credibility problems with the informant, or, perhaps as defense counsel later argued to the trial judge, Rajaee had a good case of entrapment.
In any event, Rajaee accepted the plea offer. At his plea hearing, Rajaee was advised that he could be subject to deportation if he was not a United States citizen and was convicted of a criminal offense. Florida Rule of Criminal Procedure 3.172(c)(8) requires that the trial judge inform a defendant that if he is not a United States citizen, his plea subjects him to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It is not necessary for the trial judge to inquire as to whether the defendant is a citizen as this admonition must be given to all defendants in all cases.
The trial judge accepted the plea, adjudicated Rajaee guilty and sentenced him pursuant to the plea agreement with the state. Shortly after he was sentenced, Rajaee was contacted by INS about his possible deportation to Iran.
Rajaee then filed this motion to withdraw his plea. Rajaee alleged that at the time of the plea he believed that he was an American citizen and a drug conviction would have no effect on his status. Rajaee further alleged that his return to Iran would place him in jeopardy because he had left during the Iranian revolution and would now be considered a political refugee. Finally, Rajaee alleged that Moslem law provides for the execution of persons convicted of drug-related crimes.
At the hearing on this motion, defense counsel acknowledged that Rajaee was not a citizen but is a permanent resident subject to deportation. However, defense counsel argued at the time of the plea, Rajaee reasonably believed that he was an American citizen because he has been here for twenty years, since he was eight or nine years old, his family lives here, and he has a child who is an American citizen. Counsel also noted that Rajaee had taken and passed a polygraph which verified his belief (at the time of the plea) that he was an American citizen.
Counsel asked that the plea be set aside based on Rajaee's mistaken belief that he was a citizen and not subject to deportation to Iran. Rajaee testified that his family had left during the Iranian revolution and he believed he could be harmed in Iran because he had failed to fight during the war. Rajaee also believed that he would be executed for his drug crime. The court questioned Rajaee further and then allowed him to withdraw his plea.
The Florida Supreme Court has held that the withdrawal of a plea should be allowed in any case where the "ends of justice" will be subserved by permitting a plea of not guilty in its place. Rubenstein v. State, 50 So.2d 708 (Fla.1951). The courts ordinarily will permit a plea to be withdrawn if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his acts, or was influenced unduly and improperly, or if it appears that the plea was entered under some mistake or misapprehension. Forbert v. State, 437 So.2d 1079 (Fla.1983); Rubenstein; Perez v. State, 596 So.2d 487 (Fla. 5th DCA 1992); Ryals v. State, 516 So.2d 1092 (Fla. 5th DCA 1987). The trial judge's decision regarding withdrawal of a plea should not be disturbed on appeal, absent a showing of an abuse of discretion. Hunt v. State, 613 So.2d 893 (Fla.1992); Lopez v. State, 536 So.2d 226 (Fla.1988); State v. Wiita, 744 So.2d 1232 (Fla. 4th DCA 1999); Bacon v. State, 738 So.2d 973 *473 (Fla. 4th DCA 1999); Watson v. State, 667 So.2d 242 (Fla. 1st DCA 1995); Grantham v. State, 665 So.2d 348 (Fla. 1st DCA 1995); Ryals v. State, 516 So.2d 1092 (Fla. 5th DCA 1987); Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983).
Although Rajaee's mistaken belief as to his citizenship status vel non was his alone and not attributable to the state or to the court, nevertheless the trial court could have found that it was genuine and that had Rajaee not had that mistaken belief, he would not have pled guilty in this case. This mistake or misunderstanding concerning the consequences of his plea seems to me to be a sufficient basis to permit the withdrawal of a plea. See Rubenstein (trial court abuses discretion in refusing to allow a withdrawal of a guilty plea where the defendant thought or believed that he would be paroled and not sentenced to prison as was done); Harris v. State, 660 So.2d 409 (Fla. 4th DCA 1995) (cause remanded for hearing to determine whether the defendant should be allowed to withdraw his plea where it was unclear from the record whether the defendant understood that he was entering a plea to an enhanced sentence); Edwards v. State, 610 So.2d 707 (Fla. 4th DCA 1992) (trial court should have granted defendant's motion to withdraw his plea where the defendant misunderstood the length of the sentence); Elias v. State, 531 So.2d 418 (Fla. 4th DCA 1988) (defendant should have been allowed to withdraw his guilty plea where he misunderstood the nature and scope of substantial assistance that he would be required to provide to the state as well as the length of his sentence); Jackman v. State, 160 So.2d 554 (Fla. 3d DCA 1964) (trial court abused its discretion in denying motion to withdraw plea where the defendant was mistaken about his sentence). See also City of Ormond Beach v. Kosmalski, 588 So.2d 35 (Fla. 5th DCA 1991) (defendant who entered a plea in a drug case on the basis that his vehicle would not be subject to forfeiture should have been allowed to withdraw that plea when his vehicle was forfeited, even though the confusion and misunderstanding concerning the forfeiture action was directly attributable to the defendant himself).
Here Rajaee faces extremely dire consequences if he is deported to Iran. Rajaee had no prior record and it was not shown that he had any knowledge about this country's immigration laws. There is no prejudice to the state for any delay in conducting a trial because the police informant and many witnesses are still available. Rajaee bargained for a relatively short sentence but not for all of the other harsh consequences of his plea. A trial judge should be permitted to exercise his or her discretion in such a way as to permit a bit of mercy and justice in such cases. That is what I think happened here, and I would affirm.
NOTES
[1] Counsel based his prediction of dire consequences on the nature of Rajaee's conviction: drugs. Rajaee predicted harsh treatment because, "I was supposed to stay there and fight during the war, sir."