775 So.2d 321 (2000)
Khalid ELHARDA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-1305.
District Court of Appeal of Florida, Third District.
June 7, 2000.
*322 Anthony M. Genova, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
In September 1997, Khalid Elharda pled no contest to charges of aggravated stalking and violation of a domestic violence injunction. Pursuant to a plea agreement, he was adjudicated guilty and placed on five years probation with certain domestic violence-related special conditions. In February 1999, Elharda filed a motion to vacate plea and sentence,[1] alleging that his rights were violated by the trial court's failure to properly advise him of the immigration consequences of his plea during the plea colloquy.[2] Following a hearing, the trial court denied Elharda's motion. We reverse and remand with directions that the trial court grant Elharda's motion, and that he be permitted to withdraw his plea and proceed to trial on the merits. See Peart v. State, 756 So.2d 42 (Fla.2000).
At the time of the entry of his plea, the trial court asked Elharda, "[a]re you a U.S. citizen?" (R. 18). When Elharda replied, "[y]es," the court went no further on the subject of citizenship or deportation. After the entry of the judgment of conviction and sentence of probation, it was determined that Elharda is not a United States citizen. As a result, Elharda was taken into custody and is currently being held pending deportation by the United States Immigration and Naturalization Service [INS]. Elharda claims, and the State does not dispute, that he mistakenly believed he was a citizen of the United States at the time of the plea.
In considering Elharda's motion to vacate, the trial court accepted the State's argument that the failure to inform Elharda *323 of the deportation consequences of his plea, as required by rule 3.172(c)(8), was "invited" by Elharda's affirmative response to the question about his citizenship status. The court then denied Elharda's motion to vacate his plea, although it acknowledged that the plea colloquy did not "mimic the language that's set forth in the rule." The trial judge considering the motion found that the trial judge's plea colloquy "substantially complied pursuant with the intent of the rule." The trial court held that by virtue of Elharda's false response, "the Court had every reason to rely upon the representation given under oath by [him]."
We disagree with the trial court's analysis under the circumstances of this case and adopt the rationale of the Fourth District in Sanders v. State, 685 So.2d 1385 (Fla. 4th DCA 1997), in which a similar "invited error" argument based on a false response to a trial court's "limited inquiry regarding [the defendant's] citizenship" was rejected. The Sanders court stated, and we agree, "[c]ompliance with rule 3.172(c)(8) is mandatory, thus the rule contemplates a trial court will not inquire regarding citizenship." Id. (citing Marriott v. State, 605 So.2d 985, 987 (Fla. 4th DCA 1992)). Since the trial court should not have inquired of Elharda concerning his citizenship, but should have given the complete warning as instructed by the rule regardless of citizenship, Elharda's mistaken affirmative response to the improper inquiry cannot excuse the trial court's failure to give the mandatory deportation consequence warning at all.
The State relies on State v. Rajaee, 745 So.2d 469, 469-70 (Fla. 5th DCA 1999), but we find the case factually distinguishable. In Rajaee, the court emphasized that while "the rule does not require the judge to inquire as to whether the defendant is a citizen ...," by giving the warning required by the rule (which was done in Rajaee,) the trial court taking a plea places the defendant "on notice that he should know, or if any doubt exists he should determine, his citizenship status before proceeding with the plea." Id. at 470. In this case, unlike the defendant in Rajaee, Elharda was not given any warning at all about the deportation consequences of his plea and thus was not placed "on notice" that he should be certain that he was a United States citizen before entering his plea. In the absence of such notice, Elharda's mistaken response to an improper inquiry should not excuse compliance with the rule, especially where there is resulting prejudice in the nature of the institution of deportation proceedings against a pleading defendant who was not advised of the deportation consequences of the plea. See Perriello v. State, 684 So.2d 258, 259 (Fla. 4th DCA 1996); Marriott, 605 So.2d at 987-88.
In light of the Florida Supreme Court's recent opinion in Peart, see 756 So.2d at 44, we find that sufficient prejudice to Elharda resulting from the inadequate plea colloquy has been shown in this case and therefore reverse and remand so that Elharda may withdraw his plea.
Reversed and remanded for further proceedings.
FLETCHER and RAMIREZ, JJ., concur.
LEVY, Judge, dissents.
LEVY, Judge (dissenting).
I respectfully dissent.
Admittedly, the trial court in this case did not admonish Elharda that his plea may subject him to deportation as required by Florida Rule of Criminal Procedure 3.172(c)(8). However, in order for Elharda to now vacate his plea, he must show that he was prejudiced by the trial court's failure to give him said admonition. See Fla. R.Crim. P. 3.172(i). Under the particular facts and circumstances of this case, I would find that Elharda has failed to demonstrate that he was prejudiced or that he would have done anything different, such as reject the plea offer, if the *324 admonition had been given. The record indicates that Elharda has always believed that he was a United States citizen. At oral argument, Elharda's counsel indicated that, based upon conversations with Elharda, he also believed Elharda was a United States citizen. Therefore, it was no surprise that, when asked if he was a United States citizen, Elharda answered in the affirmative. Under these circumstances, even if the trial court had given Elharda the admonition that his plea may subject him to deportation, there is no doubt that Elharda would still have accepted the plea. For the foregoing reasons, I find that Elharda cannot show any prejudice that would require vacating his sentence because, even if the trial court had given the admonition, Elharda would still have accepted the plea and would still be facing deportation.
NOTES
[1] The motion filed cites to rule 3.800 of the Florida Rules of Criminal Procedure; however, the motion should have been brought pursuant to rule 3.850. We find that the requirements of that rule are substantially satisfied by the motion filed in this case and therefore treat it as a motion for post-conviction relief under rule 3.850.
[2] See Fla. R.Crim. P. 3.172(c)(8)("... the trial judge ... shall address the defendant personally and shall determine that he or she understands:... that if he or she pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.")(emphasis added).