760 So.2d 992 (2000)
Scott JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2438.
District Court of Appeal of Florida, Second District.
June 14, 2000.
*993 James Marion Moorman, Public Defender, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Scott Johnson appeals the denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings in light of the supreme court's recent decision in Peart v. State, 756 So.2d 42 (Fla.2000).
Mr. Johnson entered an open guilty plea to armed trafficking in methamphetamine in December 1995, and received a sentence of seventy-two months' incarceration, followed by probation. There is no dispute that the trial judge failed to comply with Florida Rule of Criminal Procedure 3.172(c)(8) at the time the plea was accepted and did not warn Mr. Johnson of the risk of deportation. There is also no dispute that Mr. Johnson is a British citizen and that the Immigration and Naturalization Service is now attempting to deport him.
At the time of the hearing in the trial court on the postconviction motion, the trial judge reasonably believed that Mr. Johnson had the obligation to prove that he would probably have been found not guilty if he had not entered the plea. See Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998), quashed, 756 So.2d at 44 (Fla. 2000). As a result, the pleadings and the evidentiary hearing centered on whether trial counsel was ineffective for failure to warn his client of this risk. Apparently, Mr. Johnson has lived in the United States since he was a small child, has no noticeable accent, and both of his parents had become United States citizens. The record suggests that at the time of his plea hearing, Mr. Johnson did not realize he was British and did not inform his counsel about his citizenship. His trial counsel never realized that deportation was a risk in this case. The trial court determined, and we believe correctly, that Mr. Johnson's counsel was not ineffective under the facts of this case.
After the supreme court's decision in Peart, however, Mr. Johnson does not need to establish that he probably would have prevailed at any trial; he must establish merely that the failure to advise him of the risk of deportation was a prejudicial error. See Peart, 756 So.2d at 47 (citing Perriello v. State, 684 So.2d 258, 259 (Fla. 4th DCA 1996); Marriott v. State, 605 So.2d 985, 987 (Fla. 4th DCA 1992); De Abreu v. State, 593 So.2d 233, 234 (Fla. 1st DCA 1991)).
We cannot rule, as a matter of law, that the error was prejudicial in this case. The motion will need to be amended to allege prejudice from the omission in the plea hearing. This is particularly true in this case because it is not clear that Mr. Johnson realized at the time of the plea hearing that he was British. If the trial court had warned him of the risk of deportation when he believed he was a United States citizen, there is no reason to think that the warning would have altered his decision. Any prejudice he would have sustained in that circumstance would relate to his own lack of knowledge about his own citizenship, and not to a failure of the trial court to give him correct legal information. See State v. Rajaee, 745 So.2d 469 (Fla. 5th DCA 1999) (holding defendant's mistaken *994 belief he was American citizen did not entitle him to withdraw plea).
Reversed and remanded.
THREADGILL, A.C.J., and DAVIS, J., Concur.