769 So.2d 1116 (2000)
Jean Richard ST. PREUX, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-1669.
District Court of Appeal of Florida, Second District.
October 4, 2000.
Kevin Coyle Colbert, Miami, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Jean Richard St. Preux appeals the trial court's order denying his petition for writ of error coram nobis which alleged that the trial court violated Florida Rule of Criminal Procedure 3.172(c)(8) in sentencing him without informing him that his pleas could subject him to deportation. We reverse.
St. Preux argues that the trial court erred in denying his petition on *1117 grounds that (1) the writ of error coram nobis was not the proper avenue for relief, and (2) St. Preux was required to show that he most probably would have been acquitted had he pleaded not guilty and gone to trial. Since the entry of the trial court's order, the Florida Supreme Court has decided Peart v. State, 756 So.2d 42 (Fla.2000). In that case, the supreme court held that, prior to its opinion in Wood v. State, 750 So.2d 592 (Fla.1999), which was rendered on May 27, 1999, the writ of error coram nobis was the proper vehicle for a defendant to allege a rule 3.172(c)(8) violation. See Peart, 756 So.2d at 45. As of Wood, parties should file petitions alleging rule 3.172(c)(8) violations pursuant to Florida Rule of Criminal Procedure 3.850. Id. Additionally, parties need not prove that they most probably would have been acquitted had they pleaded not guilty and gone to trial when seeking such relief. Id. To obtain relief, the party must only show prejudice from the error. Id. at 48.
On November 21, 1997, St. Preux filed a petition for writ of error coram nobis alleging a violation of rule 3.172(c)(8) and attached an order of deportation to the petition. Because St. Preux filed the petition prior to Wood, the trial court should have considered the petition on its merits. Because it is not clear from the record whether St. Preux was prejudiced by the rule 3.172(c)(8) violation,[1] we reverse the trial court's order with directions to consider the petition.
PARKER, A.C.J., and CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] Even though St. Preux has been ordered deported, it is possible for the State to prove that he was not prejudiced by the rule 3.172(c)(8) violation. See, e.g., State v. Luders, 768 So.2d 440, 441 (Fla.2000) (holding that a defendant was not prejudiced by a rule 3.172(c)(8) violation because counsel had advised him of the risk of deportation and he had decided to accept that risk); Johnson v. State, 760 So.2d 992, 993 (Fla. 2d DCA 2000) (holding that a rule 3.172(c)(8) violation was not prejudicial even though the defendant was subject to deportation because he did not realize he was British at the time of sentencing).