785 So.2d 608 (2001)
Peter B. SERAPHIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3610.
District Court of Appeal of Florida, Fourth District.
April 25, 2001.
Richard C. Reinhart of Reinhart & Moreland Attorneys at Law, Bradenton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
*609 PER CURIAM.
We reverse the order dismissing appellant's Rule 3.850 motion for postconviction relief.
Appellant entered a plea to robbery with a deadly weapon and was sentenced on May 31, 1996. In his Rule 3.850 motion, appellant alleged that after he completed his sentence, the United States Immigration and Naturalization Service sought to deport him and served him with a notice to appear. He attached a copy of the January 26, 1999 notice to his motion. The notice listed his May 31, 1996 conviction as grounds for his deportation. Appellant raised the following two grounds for relief: (1) involuntary plea, because the court failed to inform appellant that his plea might subject him to deportation; and (2) ineffective assistance of counsel, in that counsel affirmatively misadvised him that there would be no immigration consequences. Appellant attached a transcript of his plea colloquy, demonstrating that immigration consequences were not discussed at that hearing. He alleged that he had no actual knowledge of the immigration consequences of his plea and that had he been aware of the deportation consequences of his plea, he would not have entered a plea but would have insisted upon a trial and probably would have been acquitted.
In response to appellant's motion, the state conceded that an evidentiary hearing was necessary. However, after learning that appellant was deported on July 17, 2000, the trial court dismissed the motion, ruling that deportation rendered appellant's motion moot. The trial court cited Griffis v. State, 759 So.2d 668 (Fla.2000) (when a defendant absconds after filing the appeal, the appellate court has authority to dismiss the appeal but should dismiss appeal only if there was an affront to authority of district court), and State v. Clements, 668 So.2d 980 (Fla.1996) (appeal of conviction may be dismissed after death of defendant). However, these cases do not apply to appellant, who has neither absconded nor died.
In State v. Garcia, 234 Wis.2d 304, 610 N.W.2d 180 (Ct.App.), rev. denied, 234 Wis.2d 178, 612 N.W.2d 734 (2000), the defendant had been deported prior to the time of the hearing on his motion to withdraw his plea. The appellate court noted that the state presumably did not argue mootness after the deportation because a felony conviction against a noncitizen can result not only in deportation but also in exclusion from admission to this country or the denial of naturalization under federal law. 610 N.W.2d at 182 n. 4. Applying that same reasoning to the instant case, we conclude that appellant's deportation did not render his motion moot.
On the merits, the motion appears to be legally sufficient. A trial court's failure to comply with Florida Rule of Criminal Procedure 3.172(c)(8) and advise a defendant of the consequences of his plea may entitle him to withdraw his plea, if he shows that he was prejudiced, such as by threat of deportation. See, e.g., Marriott v. State, 605 So.2d 985 (Fla. 4th DCA 1992), approved by Peart v. State, 756 So.2d 42, 44 (Fla.2000).
The state contends that appellant may not have been prejudiced by the trial court's failure to inform him of the deportation consequences of his plea. During the plea colloquy, in response to questioning by the court, appellant replied that he was a United States citizen. The state argues that if appellant was under the impression that he was a citizen of the United States, he may have suffered no prejudice. Although we recognize conflicting case law from our sister courts, see State v. Rajaee, 745 So.2d 469 (Fla. 5th *610 DCA 1999), and Johnson v. State, 760 So.2d 992 (Fla. 2d DCA 2000), we have consistently held that the trial court's compliance with rule 3.172(c)(8) is mandatory. See Sanders v. State, 685 So.2d 1385 (Fla. 4th DCA 1997) (rejecting state's argument that defendant invited error by falsely stating he was United States citizen and reversing denial of motion for postconviction relief with directions to allow defendant to withdraw plea); see also Griffiths v. State, 776 So.2d 280 (Fla. 3d DCA 2000); State v. Richardson, 785 So.2d 585 (Fla. 3d DCA 2001); Elharda v. State, 775 So.2d 321 (Fla. 3d DCA 2000), rev. denied, 780 So.2d 915, No. SC00-1429 (Fla.2001).
Accordingly, we reverse and remand for the trial court to consider the motion on its merits.
STONE, GROSS and TAYLOR, JJ., concur.