818 So.2d 485 (2002)
STATE of Florida, Petitioner,
v.
Peter B. SERAPHIN, Respondent.
No. SC01-1344.
Supreme Court of Florida.
May 16, 2002.
*486 Robert A. Butterworth, Attorney General, Celia Terenzio, Bureau Chief, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, FL, for Petitioner.
No Appearance for Respondent.
LEWIS, J.
We have for review Seraphin v. State, 785 So.2d 608 (Fla. 4th DCA 2001), in which the Fourth District certified conflict with Johnson v. State, 760 So.2d 992 (Fla. 2d DCA 2000).[1]See Seraphin v. State, 792 So.2d 526 (Fla. 4th DCA 2001) (granting the State's motion for certification of conflict). This Court has jurisdiction. See art. V, § 3(b)(4), Fla. Const.

MATERIAL FACTS
The respondent, Peter B. Seraphin, was deported after pleading guilty to robbery with a deadly weapon. Subsequently, in his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, Seraphin alleged that, after he had completed his sentence, the United States Immigration and Naturalization Service sought to deport him, and served him with a notice to appear. A copy of the notice, which listed his conviction as grounds for deportation, was attached to his motion, as well as a transcript of his plea colloquy. The transcript reflected that immigration consequences had not been discussed at that hearing. Seraphin sought to withdraw his plea as involuntary, because the court had failed to inform him that his plea might subject him to deportation.[2] He alleged that he had no actual knowledge of the immigration consequences of his plea and that, had he been aware of the deportation consequences, he would not have entered it, but would have gone to trial and probably been acquitted. Although the State conceded that an evidentiary hearing was necessary, the trial court, after learning that Seraphin had been subsequently deported, dismissed the motion, ruling that *487 deportation rendered Seraphin's motion moot.
The district court disagreed, concluding that Seraphin's deportation did not render his motion moot. 785 So.2d at 609. It also determined that Seraphin was entitled to relief based upon the motion, reasoning:
On the merits, the motion appears to be legally sufficient. A trial court's failure to comply with Florida Rule of Criminal Procedure 3.172(c)(8) and advise a defendant of the consequences of his plea may entitle him to withdraw his plea, if he shows that he was prejudiced, such as by threat of deportation. See, e.g., Marriott v. State, 605 So.2d 985 (Fla. 4th DCA 1992), approved by Peart v. State, 756 So.2d 42, 44 (Fla.2000).
The state contends that appellant may not have been prejudiced by the trial court's failure to inform him of the deportation consequences of his plea. During the plea colloquy, in response to questioning by the court, appellant replied that he was a United States citizen. The state argues that if appellant was under the impression that he was a citizen of the United States, he may have suffered no prejudice. Although we recognize conflicting case law from our sister courts, see State v. Rajaee, 745 So.2d 469 (Fla. 5th DCA 1999), and Johnson v. State, 760 So.2d 992 (Fla. 2d DCA 2000), we have consistently held that the trial court's compliance with rule 3.172(c)(8) is mandatory. See Sanders v. State, 685 So.2d 1385 (Fla. 4th DCA 1997) (rejecting state's argument that defendant invited error by falsely stating he was United States citizen and reversing denial of motion for postconviction relief with directions to allow defendant to withdraw plea); see also Griffiths v. State, 776 So.2d 280 (Fla. 3d DCA 2000); State v. Richardson, 785 So.2d 585 (Fla. 3d DCA 2001); Elharda v. State, 775 So.2d 321 (Fla. 3d DCA 2000), rev. denied, 780 So.2d 915, No. SC00-1429 (Fla. 2001).
Id. at 609-10. The State filed a timely petition for review in this Court.

ANALYSIS
To the extent that the Fourth District's decision may be viewed as creating a "per se" rule permitting a defendant threatened with deportation to withdraw his plea any time a trial court fails to provide the information required by rule 3.172(c)(8) during the defendant's plea colloquy, such does not correctly follow the guidance provided by this Court's decision in Peart v. State, 756 So.2d 42 (Fla.2000). In Peart, we identified the proper vehicle through which a noncustodial defendant could present, as a basis for postconviction relief, a violation of rule 3.172(c)(8) clue to the trial court's failure to provide advice regarding the possible immigration consequences of the defendant's plea. In the context of concluding that, following Wood v. State, 750 So.2d 592, 594 (Fla.1999), "such claims should be pled via rule 3.850," Peart, 756 So.2d at 48, the Court addressed the requirement of demonstrating prejudice in such cases:
We begin our analysis of this issue by observing that prior to Peart [v. State, 705 So.2d 1059 (Fla. 3d DCA 1998)], district courts of appeal have uniformly held that in order for a defendant to obtain postconviction relief based on a rule 3.172(c)(8) violation, the defendant had to prove that the trial court did not provide advice regarding the possible immigration consequences of the plea and resultant prejudice. See Perriello v. State, 684 So.2d 258, 259-60 (Fla. 4th DCA 1996); Beckles [v. State, 679 So.2d 892 (Fla. 3d DCA 1996)]; De Abreu v. State, 593 So.2d 233, 234 (Fla. 1st DCA 1991). [Note 5] In order to show prejudice pursuant to a rule 3.172(c)(8) violation, *488 defendants had to establish that they did not know that the plea might result in deportation, that they were "threatened" with deportation because of the plea, and that had they known of the possible consequence they would not have entered the plea. See Perriello, 684 So.2d at 259 (holding prejudice shown where defendant was "threatened" with deportation); Marriott [v. State, 605 So.2d 985, 987 (Fla. 4th DCA 1992)] (holding that "threat" of deportation of alien was a sufficient showing of prejudice in such cases); De Abreu, 593 So.2d at 234 (holding that the defendant's allegation in a rule 3.850 motion that the trial court violated rule 3.172(c)(8), and that the defendant was subsequently surprised by the "threat" of deportation, constituted a sufficient showing of prejudice to justify an evidentiary hearing). [Note 6] Accordingly, based on established precedent, in order to obtain relief from an alleged rule 3.172(c)(8) error, defendants are not required to prove a probable acquittal at trial.
[Note 5] This Court included advisement of the possible immigration consequences of the plea during the plea acceptance hearing because deportation of a person from the United States often is just as harsh as other consequences, if not more so. See In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla.1988). Before the amendment, this Court treated a trial court failure to warn a defendant of the possible deportation consequences of a plea as a "collateral consequence" that would not support a claim of ineffective assistance of counsel. State v. Ginebra, 511 So.2d 960 (Fla.1987). One year later, however, we established rule 3.172(c)(8). We subsequently acknowledged that our old case law was superseded by the new rule in State v. De Abreu, 613 So.2d 453 (1993) ("In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla.1988),... supersede[s] Ginebra to the extent of any inconsistency.").
[Note 6] See Beckles, 679 So.2d at 892 (holding that being taken into custody by immigration authorities because of the conviction based on the plea was sufficient to show prejudice); Spencer v. State, 608 So.2d 551 (Fla. 4th DCA 1992) (holding that appellate immigration court decision that defendant was deportable was sufficient to show prejudice); see also State v. Oakley, 715 So.2d 956, 957 (Fla. 4th DCA 1998) (holding that defendant failed to show prejudice, despite rule 3.172(c)(8) violation, where defendant was deportable based on previous drug trafficking conviction).
Peart, 756 So.2d at 47-48 (emphasis supplied).
This Court has not interpreted Peart as establishing that the threat of deportation itself constitutes prejudice. See State v. Luders, 768 So.2d 440 (Fla.2000) ("The State makes clear on rehearing (in an unopposed motion) that Luders was not prejudiced by the trial court's failure to advise him of the immigration consequences of entering his plea because Luders' defense counsel advised him thereof and he decided to accept the risk. Because Luders was not prejudiced by the trial court's error, he was not entitled to relief."); Peart, 756 So.2d at 47 n. 6 (citing, inter alia, State v. Oakley, 715 So.2d 956, 957 (Fla. 4th DCA 1998) (holding that the defendant had failed to show prejudice, despite a rule 3.172(c)(8) violation, where the defendant was deportable based upon a previous drug trafficking conviction)). Rather, pursuant to Peart, a defendant must show prejudice not only by the subsequent threat of deportation, but also because the trial court failed to provide the *489 information required by rule 3.172(c)(8).[3] In other words, to establish prejudice in such cases, a defendant threatened with deportation must demonstrate that he or she was prejudiced in the process by entering the plea because the trial court failed to provide the information required by rule 3.172(c)(8).
This distinction becomes important where the defendant is unaware of the deportation consequences of his plea because the defendant mistakenly believes that he or she is a United States citizen. Even in those instances, however, if the defendant alleges that he or she would not have entered the plea had information been provided as required by rule 3.172(c)(8), this would require review of the record in light of the defendant's allegations, and an evidentiary hearing in the event that the record did not conclusively refute them. By providing a defendant the information required by the rule, the defendant is at least on notice that the citizenship status should be known or, if any doubts exist, such should be resolved before a plea is entered.
Thus, in Johnson v. State, 760 So.2d 992 (Fla. 2d DCA 2000), the district court properly reversed the trial court's denial of Johnson's postconviction motion and remanded for further proceedings consistent with this Court's opinion in Peart, even though it expressed reservations concerning Johnson's ability to demonstrate prejudice upon remand:
Mr. Johnson entered an open guilty plea to armed trafficking in methamphetamine in December 1995, and received a sentence of seventy-two months' incarceration, followed by probation. There is no dispute that the trial judge failed to comply with Florida Rule of Criminal Procedure 3.172(c)(8) at the time the plea was accepted and did not warn Mr. Johnson of the risk of deportation. There is also no dispute that Mr. Johnson is a British citizen and that the Immigration and Naturalization Service is now attempting to deport him.
At the time of the hearing in the trial court on the postconviction motion, the trial judge reasonably believed that Mr. Johnson had the obligation to prove that he would probably have been found not guilty if he had not entered the plea. See Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998), quashed, 756 So.2d at 44 (Fla.2000). As a result, the pleadings and the evidentiary hearing centered on whether trial counsel was ineffective for failure to warn his client of this risk. Apparently, Mr. Johnson has lived in the *490 United States since he was a small child, has no noticeable accent, and both of his parents had become United States citizens. The record suggests that at the time of his plea hearing, Mr. Johnson did not realize he was British and did not inform his counsel about his citizenship. His trial counsel never realized that deportation was a risk in this case. The trial court determined, and we believe correctly, that Mr. Johnson's counsel was not ineffective under the facts of this case.
After the supreme court's decision in Peart, however, Mr. Johnson does not need to establish that he probably would have prevailed at any trial; he must establish merely that the failure to advise him of the risk of deportation was a prejudicial error. See Peart, 756 So.2d at 47 (citing Perriello v. State, 684 So.2d 258, 259 (Fla. 4th DCA 1996); Marriott v. State, 605 So.2d 985, 987 (Fla. 4th DCA 1992); De Abreu v. State, 593 So.2d 233, 234 (Fla. 1st DCA 1991)).
We cannot rule, as a matter of law, that the error was prejudicial in this case. The motion will need to be amended to allege prejudice from the omission in the plea hearing. This is particularly true in this case because it is not clear that Mr. Johnson realized at the time of the plea hearing that he was British. If the trial court had warned him of the risk of deportation when he believed he was a United States citizen, there is no reason to think that the warning would have altered his decision. Any prejudice he would have sustained in that circumstance would relate to his own lack of knowledge about his own citizenship, and not to a failure of the trial court to give him correct legal information. See State v. Rajaee, 745 So.2d 469 (Fla. 5th DCA 1999) (holding defendant's mistaken belief he was American citizen did not entitle him to withdraw plea).
760 So.2d at 993-94 (emphasis supplied); see also St. Preux v. State, 769 So.2d 1116, 1117 n. 1 (Fla. 2d DCA 2000) ("Even though St. Preux has been ordered deported, it is possible for the State to prove that he was not prejudiced by the rule 3.172(c)(8) violation.").[4] Accordingly, even though the Fourth District correctly observed that it is "mandatory" that rule *491 3.172(c)(8) information be given to all defendants prior to accepting their pleas, Peart does not create a "per se" rule allowing an automatic withdrawal of the plea by all defendants threatened with deportation in cases involving a violation of the rule. Rather, Peart explicitly requires a showing that, absent the failure to inform the defendant, he or she would not have entered the plea. See Peart, 756 So.2d at 47; Orduno v. State, 800 So.2d 669, 669 (Fla. 2d DCA 2001) ("[Orduno] asserted that the trial court did not advise him of the deportation consequences of his plea as required under Florida Rule of Criminal Procedure 3.172, that he did not know he could be deported if he pleaded no contest, and that he would not have entered the plea if he had known he could be deported. Orduno has stated a facially sufficient claim for relief.") (citing Peart, 756 So.2d at 42); cf. also Wuornos v. State, 676 So.2d 966 (1995) (determining that the fact that the plea colloquy did not meet the standards set by rule did not prejudice Wuornos, and therefore did not form a basis for postconviction relief, where a detailed factual basis to accept the plea had been provided by the State without objection from Wuornos; the overall thrust of the conversation between the trial court and Wuornos indicated that she knew the import of her plea; and the trial court had established that Wuornos had knowingly and voluntarily signed a detailed form which met all requirements imposed by law).
Based upon the foregoing, we approve the Second District's decision in Johnson. While we agree with the Fourth District that Seraphin has filed a facially sufficient motion in this case, we quash the decision below and disapprove its reasoning (and that of Sanders, Griffiths, and Elharda) to the extent that such may be interpreted as creating a "per se" rule permitting a defendant threatened with deportation to withdraw his or her plea any time a trial court fails to provide the information required by rule 3.172(c)(8) during the plea colloquy. Accordingly, we remand this case to the Fourth District with directions to further remand it to the trial court for an evidentiary hearing consistent with this opinion and Peart.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and QUINCE, JJ., concur.
NOTES
[1] Although the Second District also certified conflict with State v. Rajaee, 745 So.2d 469 (Fla. 5th DCA 1999), the issue addressed in Rajaee is distinct from that raised in Seraphin and Johnson. In Seraphin and Johnson, the defendants, during their plea colloquies, were either under the mistaken impression, or had indicated to the trial court, that they were United States citizens, and neither was informed by the court of the possible deportation consequences of their pleas. In Rajaee, in contrast, the trial court had specifically advised the defendant during the plea colloquy that a conviction might subject him to deportation, but the defendant later sought to withdraw his plea on the basis that he mistakenly believed that he was a United States citizen at the time. See Rajaee, 745 So.2d at 470. Thus, the issue in Rajaee was whether, where the trial court has advised a defendant during the plea colloquy of the possible deportation consequence of the plea, an alleged "mistake" (not caused by the court, defense counsel, law enforcement, or a representative of the State, and not based on a misunderstanding of the plea agreement, the score sheet, or some document prepared by a governmental agent) regarding the defendant's citizenship statusas opposed to a mistake relating to the consequence of a plea based on that statusis sufficient to make a prima facie showing that the plea was "involuntary." Because our conflict jurisdiction is not based upon any express and direct conflict regarding this issue, we decline to address it. However, we note that the analysis contained in Rajaee is consistent with our opinion here.
[2] Seraphin also alleged ineffective assistance of counsel, in that counsel (who apparently was also under the misimpression that Seraphin was a United States citizen) had affirmatively misadvised him that there would be no immigration consequences. However, the district court did not reach this argument.
[3] Rule 3.172(c)(8) provides:

Acceptance of Guilty or Nolo Contendere Plea
(a) Voluntariness; Factual Basis. Before accepting a plea of guilty or nolo contendere, the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function.
(b) Open Court. All pleas shall be taken in open court, except that when good cause is shown a plea may be taken in camera.
(c) Determination of Voluntariness. Except when a defendant is not present for a plea, pursuant to the provisions of rule 3.180(d), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he or she understands:
. . .
(8) that if he or she pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.
[4] But cf. Elharda, 775 So.2d at 323 ("In this case, unlike the defendant in Rajaee, Elharda was not given any warning at all about the deportation consequences of his plea and thus was not placed `on notice' that he should be certain that he was a United States citizen before entering his plea. In the absence of such notice, Elharda's mistaken response to an improper inquiry should not excuse compliance with the rule, especially where there is resulting prejudice in the nature of the institution of deportation proceedings against a pleading defendant who was not advised of the deportation consequences of the plea."). In a dissenting opinion in Elharda, Judge Levy reasoned that, insofar as both Elharda and his counsel erroneously believed that Elharda was a United States citizen, Elharda could not show prejudice due to the trial court's failure to admonish him regarding the potential deportation consequences of his plea, because, "even if the trial court had given Elharda the admonition that his plea may subject him to deportation, there is no doubt that Elharda would still have accepted the plea." Elharda, 775 So.2d at 323-24 (Levy, J., dissenting); see also Griffiths v. State, 776 So.2d 280, 280 (Fla. 3d DCA 2000) (Schwartz, J., specially concurring) ("I agree with Judge Levy's dissent in [Elharda, Rajaee] and the statement in [Johnson], all to the effect that, `[i]f the trial court had warned him of the risk of deportation when he believed he was a United States citizen, there is no reason to think that the warning would have altered his decision. Any prejudice he would have sustained in that circumstance would relate to his own lack of knowledge about his own citizenship, and not to a failure of the trial court to give him correct legal information.'") (quoting Johnson, 760 So.2d at 993).