828 So.2d 1056 (2002)
Marling ALFARO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2346.
District Court of Appeal of Florida, Third District.
October 22, 2002.
*1057 Martin G. McCarthy, for appellant.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, LEVY and FLETCHER, JJ.
COPE, J.
Marling Alfaro appeals an order denying her motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We respectfully disagree with the trial court's conclusion that the Rule 3.850 motion was premature, and remand for further proceedings.
Defendant-appellant Alfaro in 1991 pled guilty to Burglary of an Occupied Structure and Criminal Mischief. There was a withhold of adjudication and a sentence of one year of probation, which the defendant successfully completed. There was no warning of possible immigration consequences during the plea colloquy as required by Florida Rule of Criminal Procedure 3.172(c)(8).
The defendant's Rule 3.850 motion asserts that she has been threatened with deportation as a result of her 1991 plea. Attached to her motion is a Notice to Appear issued by the United States Immigration and Naturalization Service ("INS"). The notice states that it is a notice to appear "in removal proceedings under section 240 of the Immigration and Nationality Act." It directs the defendant to appear before an immigration judge.
The INS notice alleges in part that the defendant is a citizen of Nicaragua and that she was convicted in 1991 of grand theft and criminal mischief. The notice states that on the foregoing basis, the defendant is subject to removal from the United States.
The State argued that the Rule 3.850 motion should be denied as premature. The trial court agreed, reasoning that any ruling on the 3.850 motion should await a decision in the deportation proceeding. The trial court took the view that if the defendant were successful in the INS proceeding, then it would not be necessary for the trial court to entertain the Rule 3.850 motion. While we understand the trial court's view, under established precedent the Rule 3.850 motion is timely and must proceed to consideration on the merits.
The Florida Supreme Court in Peart v. State, 756 So.2d 42 (Fla.2000), stated that "in order for a defendant to establish a prima facie case for relief, the defendant must be threatened with deportation resulting from the plea." Id. at 46 (emphasis added). Thus, once the INS begins deportation proceedings, a defendant is necessarily "threatened with deportation," and the Rule 3.850 motion is timely. Kindelan v. State, 786 So.2d 599 (Fla. 3d DCA 2001).
In State v. Seraphin, 818 So.2d 485 (Fla. 2002), the defendant filed a Rule 3.850 motion alleging that
the United States Immigration and Naturalization Service sought to deport him, and served him with a notice to appear. A copy of the notice, which listed his conviction as grounds for deportation, was attached to his motion, as well as a transcript of his plea colloquy. The transcript reflected that immigration consequences had not been discussed at that hearing.
Id. at 486.[*] The Florida Supreme Court ruled that the motion was facially sufficient *1058 and remanded for an evidentiary hearing. Id. at 491.
In the present case the defendant has received an INS notice to appear in deportation proceedings, and the notice states that it is based on the defendant's 1991 conviction. The defendant has filed a transcript of the plea colloquy, which contains no warning regarding immigration consequences. It follows that the Rule 3.850 motion is now timely. We remand for an evidentiary hearing. Seraphin, 818 So.2d at 491.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[*] If a defendant is in possession of the plea colloquy, then it should be attached to the motion. If a defendant does not have possession of the plea colloquy, it is sufficient to allege that the defendant was not warned of the immigration consequences of the plea.