FLETCHER, Judge.
The State of Florida appeals from a final order vacating the defendant Onelia Alfonso’s plea, judgment of conviction, and sentence. We reverse and remand.
In 1996, Alfonso pleaded guilty to child abuse for striking her 7-year-old nephew with a belt and her hands. She received a withhold of adjudication and one year of probation with the requirement that she complete parenting classes. She fulfilled her obligations. Some time later she received a letter from INS stating that she was deportable, and there is the suggestion in the record that deportation proceedings against her were begun. Alfonso moved to vacate her 1996 plea based on her claim that neither her counsel nor the trial court advised her of the deportation consequences of her plea, and that her counsel affirmatively misadvised her that there would be no deportation consequences at all. After hearing argument from both parties, the trial judge made several findings based solely on equitable considerations and granted Alfonso’s motion to vacate her plea and the trial court’s prior judgment and sentence, and to set the case for trial.
The record shows that none of the trial court’s oral or written reasons for vacating Alfonso’s plea and conviction comport with the decision in Peart v. State, 756 So.2d 42 (Fla.2000), which provides the proper analysis for reviewing a post-conviction relief motion based on violation of rule 3.172(c)(8), Florida Rules of Criminal Procedure. See also State v. Seraphin, 818 So.2d 485 (Fla.2002). Accordingly, we reverse and remand with instructions that the trial court hold a hearing in order to provide this court with proper analysis and written explanation that complies with Peart and progeny.
Reversed and remanded.