FLETCHER, Judge.
In 1994, Placido Gutierrez was charged with aggravated battery on a pregnant victim. He entered a plea of nolo con-tendere in exchange for a withhold of adjudication and 14 months of probation. During the plea colloquy the trial court advised Gutierrez that “there is a possibility that this plea could affect your immigration status.” Gutierrez accepted the plea and was sentenced accordingly. In 2004, Gutierrez filed his first post-conviction relief petition seeking to vacate the plea. In that petition he claims that the Immigration and Naturalization Service [INS] denied his application for waiver of grounds of excludability, dismissed his appeal, and denied his application for adjustment of status. Gutierrez asserts that he faced a deportation hearing in November 2004. However, no INS Notice to Appear or results of the deportation hearing are in the record before us.
What is clear from the record is that the trial court failed to give adequate pre-plea warning to Gutierrez of the possibility of deportation upon conviction. Since 1988, the law in Florida requires that the trial judge must specifically advise a defendant that she or he may face deportation as a consequence of the plea. In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla.1988)(Fla.R.Crim. P. 3.172(c)(8) requires judges presiding at plea colloquies to inform the accused that a guilty or nolo contendere plea may subject him or her to deportation); see Labady v. State, 783 So.2d 275 (Fla. 3d DCA 2001); Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998), rev’d on other grounds, 756 So.2d 42 (Fla.2000). For that alone, Gutierrez is entitled to the relief he seeks.
What is not clear from the record is whether Gutierrez’ petition for relief is timely, i.e., whether Gutierrez is under current threat of deportation. Peart, 756 So.2d at 46. Gutierrez asserts that he is under threat of deportation and the attached dismissal of his appeal for waiver suggests that the INS moved toward deportation, but the record before us does not contain the usual test of “threat” of deportation in the form of an INS Notice to Appear. See Kindelan v. State, 786 So.2d 599 (Fla. 3d DCA 2001)(advice from INS of excludability from the United States due to a conviction fails to establish a prima facie case for relief because it is not the same as being threatened with deportation as a result of a plea).
Thus, the trial court’s order denying the petition for post-conviction relief must be reversed and the cause remanded for an evidentiary hearing to determine whether the petition is premature (no imminent threat of deportation) or should be addressed on the merits (deportation imminent). See State v. Gaston, 911 So.2d 257 (Fla. 3d DCA 2005); Alfaro v. State, 828 So.2d 1056 (Fla. 3d DCA 2002).
Reversed and remanded for further proceedings.