977 So.2d 607 (2007)
STATE of Florida, Appellant,
v.
John D. FRASER, Appellee.
No. 4D06-4994.
District Court of Appeal of Florida, Fourth District.
December 19, 2007.
Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellant.
Michael J. Silver of The Silver Law Firm, P.A., Boca Raton, for appellee.
PER CURIAM.
In 1999, John Fraser pled guilty to possession of cocaine and was sentenced to *608 two days time served. In 2006, more than seven years later, Fraser, a Canadian citizen, filed a 3.850 motion, wherein he sought to vacate his plea on the ground that the trial court never advised him of the possible deportation consequences of the plea. The motion was not sworn and was not accompanied by any affidavit or other attachments. Nonetheless, the trial court granted Fraser's motion based solely on transcripts of the plea colloquy presented at a hearing on the motion and without taking any additional evidence. The State has appealed. We reverse.
Florida Rule of Criminal Procedure 3.850 mandates that motions for postconviction relief be sworn. See Fla. R.Crim. P. 3.850(c). Unsworn motions are properly dismissed. See, e.g., Lawson v. State, 754 So.2d 86 (Fla. 4th DCA 2000). Further, to be entitled to postconviction relief as a consequence of the trial court's claimed failure to advise of the possible deportation consequences of a plea, a defendant must demonstrate prejudice, i.e., that he would not have entered into the plea had he been advised of the deportation consequences. See State v. Seraphin, 818 So.2d 485, 490-91 (Fla.2002). Fraser could not have met his burden in this regard in the absence of both a sworn 3.850 motion and an evidentiary hearing. Fraser's unsworn rule 3.850 motion should have been dismissed. Our reversal is without prejudice to Fraser's right to file a new, sworn 3.850 motion within the time remaining.
Reversed and Remanded.
STONE, STEVENSON and MAY, JJ., concur.