768 So.2d 440 (2000)
STATE of Florida, Petitioner,
v.
Andre LUDERS, Respondent.
No. SC96173.
Supreme Court of Florida.
August 31, 2000.
Robert A. Butterworth, Attorney General, Celia Terenzio, Bureau Chief, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, Florida, for Petitioner.
H. Dohn Williams, Jr., Fort Lauderdale, Florida, for Respondent.

*441 ON REHEARING
PER CURIAM.
Petitioner's motion for rehearing, directed to the decision issued herein on April 27, 2000, is granted. The previous opinion is withdrawn and the instant opinion is substituted as the opinion of the Court in this matter.
We have for review State v. Luders, 731 So.2d 163 (Fla. 4th DCA 1999), modified, No. 98-00729 (July 7, 1999)(unpublished order certifying conflict with Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998)). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
This Court recently held in Peart v. State, 756 So.2d 42 (Fla.2000), that a defendant may obtain postconviction relief if he or she was not advised of the immigration consequences of a plea and was prejudiced by the lack of advice. See Peart, 756 So.2d at 47-48. The State makes clear on rehearing (in an unopposed motion) that Luders was not prejudiced by the trial court's failure to advise him of the immigration consequences of entering his plea because Luders' defense counsel advised him thereof and he decided to accept the risk. Because Luders was not prejudiced by the trial court's error, he was not entitled to relief. Luders is therefore quashed as being inconsistent with our decision in Peart.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.