783 So.2d 275 (2001)
Alix LABADY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-3091.
District Court of Appeal of Florida, Third District.
January 10, 2001.
Rehearing Denied April 18, 2001.
*276 Joseph G. Tesmond, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before LEVY, GODERICH, and GREEN, JJ.
PER CURIAM.
Defendant appeals from an Order denying his 3.850 Motion to Vacate No Contest Plea and Sentence. Defendant was charged with sale or delivery of cocaine and possession with intent to sell cocaine. On October 30, 1995, defendant entered a nolo plea to the Information and was placed on probation for one year with 100 hours of community service. At the plea colloquy, the court asked defendant if he understood that his plea could have "adverse consequences to your immigration status[ ]" to which defendant responded that he understood.
In May of 2000, defendant was arrested in his home by the City of Miami Police Department who transported him to INS officials to await deportation proceedings. Consequently, defendant filed a Rule 3.850 motion contending that at the time he entered the plea he was unaware, and was never advised, that the plea could subject him to deportation and that, as a result of the involuntary plea, he is now subject to deportation. At the evidentiary hearing on the motion, defendant testified that he would not have acquiesced to the plea if he had been informed that deportation or the threat of deportation was the possible "adverse consequence" of entering the plea. Defendant's trial counsel testified that while he normally informed his clients about possible immigration consequences of a plea, he did not recall whether he discussed the matter with defendant. The trial court denied defendant's post-conviction motion finding that since defendant's trial counsel indicated he customarily informed his clients about the immigration consequences of a plea, he must have instructed defendant accordingly. We reverse finding that the trial court abused its discretion in deducing that since trial counsel generally advises his clients of the consequences of their plea, that in this instance trial counsel did, in fact, advise defendant that he might be subject to deportation. The court's deduction is, at best, an assumption that the trial attorney did in fact advise his client in this instance that he may face deportation proceedings. We find that an assumption is not enough to comply with the mandate of Rule 3.172(c)(8). Cf. State v. Luders, 768 So.2d 440 (Fla.2000).
*277 The State argues that even if defense counsel did not advise defendant that his plea may result in deportation, the admonishment given by the trial court was enough to satisfy the mandate of Rule 3.172(c)(8), Florida Rules of Criminal Procedure. We disagree. Rule 3.172(c)(8) requires
that if [defendant] pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.
In the instant case, the trial court asked the defendant if he was aware that his plea could have "adverse consequences" to his immigration status. We find that advising a defendant that the plea may have "adverse consequences" to her or his immigration status does not necessarily imply deportation, and therefore does not comply with the mandate of the Rule. See Peart v. State, 705 So.2d 1059, 1064 (Fla. 3d DCA 1998) (en banc), reversed on other grounds, 756 So.2d 42 (Fla.2000) (holding that the trial judge must comply with Rule 3.172(c)(8) and "advise all defendants in all cases that `the plea may subject him or her to deportation.'")
"Adverse consequences" to an individual's immigration status may include, among other things, an adjustment in visa status, loss of an immigration benefit, denial of citizenship for defendant or her or his family, cancellation of a work-permit, and denial of a re-entry visa. Although deportation is a possible "adverse consequence", without prior advice from her or his attorney, a defendant would not necessarily understand that deportation, which in many cases is a harsher punishment than any sentence the defendant may face, is the "adverse consequence". Accordingly, we hold that a trial judge must specifically advise a defendant that she or he may face deportation as a consequence of the plea. See Rule 3.172(c)(8); Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998) (en banc), reversed on other grounds, 756 So.2d 42 (Fla.2000); Sanders v. State, 685 So.2d 1385 (Fla. 4th DCA 1997); Perriello v. State, 684 So.2d 258 (Fla. 4th DCA 1996). We reverse the trial court Order denying defendant's motion to vacate his plea and remand with instructions to grant the motion.
Reversed and remanded with instructions.