780 So.2d 336 (2001)
Ramiro J. FERNANDEZ, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2133.
District Court of Appeal of Florida, Third District.
March 28, 2001.
*337 Ramiro J. Fernandez, Jr., in proper person.
Robert A. Butterworth, Attorney General, and Darien M. Doe, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
PER CURIAM.
Ramiro J. Fernandez, Jr. (defendant) appeals from an order summarily denying his motion for post conviction relief alleging that his plea was involuntary because he was not informed that it could subject him to deportation. See Peart v. State, 756 So.2d 42 (Fla.2000). We reverse and remand for an evidentiary hearing.
On September 2, 1994, defendant entered a guilty plea to a reduced charge of second degree murder and was sentenced to forty years in state prison. During the plea colloquy, the trial court inquired about defendant's citizenship, and informed him that "[w]hen you're not a citizen of the United States, taking a plea of guilty in this case could affect your status in the United States." Recently in Labady v. State, 26 Fla. L. Weekly D194, ___ So.2d ___ [2001 WL 20790] (Fla. 3d DCA Jan.10, 2001), this Court held that such an admonishment does not satisfy the mandate of rule 3.172(c)(8), Florida Rules of Criminal Procedure.
The state contends that defendant has not demonstrated that he was prejudiced as a result where the record does not indicate whether he was informed by counsel of the potential deportation consequences of his plea. If counsel properly advised defendant of the consequences, any error on the part of the trial court with respect to the plea colloquy would not prejudice defendant. See State v. Luders, 768 So.2d 440 (Fla.2000). Accordingly, we reverse the order under review and remand this matter for an evidentiary hearing.