COPE, J.
German Ovidio Zelaya appeals an order denying his motion for postconviction relief. He contends that when he pled guilty to the offenses of armed burglary with an assault or battery and aggravated assault with a deadly weapon, the trial court gave an inadequate warning of the deportation consequences of the plea. We disagree and conclude that the warning was adequate.
In pertinent part, the trial court advised the defendant, “If you are not an American Citizen, Sir, you could be subject to deportation.” In our view, this adequately stated the substance of the warning required by Florida Rule of Criminal Procedure 3.172(c)(8), which requires the court to advise a defendant who pleads guilty or nolo contendere “that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service.” The substance of the court’s warning was correct. The omission of the reference to the United States Immigration and Naturalization Service was immaterial.
The defendant maintains that reversal is required by this court’s decision in Labady v. State, 783 So.2d 275 (Fla. 3d DCA 2001), but that is not so. In Labady the trial court failed to mention the word “deportation” and only told the defendant that there might be “adverse consequences” to the defendant’s immigration status as a result of the plea. Id. at 277. We concluded that the warning was inadequate because there was no specific warning of the possibility of “deportation” as required by Rule 3.172(c)(8). As the warning given in the present ease was adequate, the motion for postconviction relief was correctly denied.
Affirmed.