NORTHCUTT, Judge.
Freddie Alexander challenges the circuit court’s denial of his motion to withdraw his plea filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse in part.
Alexander pleaded guilty to sexual battery with great force or a deadly weapon, a life felony, and false imprisonment, a third-degree felony. His plea agreement called for a sentence of fifteen years’. imprisonment. The court designated him as a sexual predator and sentenced him to a fifteen-year minimum mandatory term as a *616 habitual violent felony offender on the sexual battery charge and to ten years’ imprisonment on the false imprisonment charge, the sentences to run concurrently. In his rule 3.850 motion, Alexander stated he would not have entered the plea if he had been informed, of the consequences of being sentenced as a habitual violent felony offender and being designated as a sexual predator.
The State filed a notice of its intent to seek an HVFO sentence. But Alexander’s written plea agreement does not mention that sentence. In fact, it contains a boilerplate provision that states he will be sentenced under the guidelines. . Alexander, the only witness at the evidentiary hearing on his rule 3.850 motion, claimed that neither his lawyer nor the judge who accepted his plea told him about the consequences of HVFO sentencing.
Ashley v. State, 614 So.2d 486, 490 (Fla. 1993), provides that when accepting a plea the court must confirm the defendant is personally aware of the possibility and reasonable consequences of a habitual offender sentence. Judge Nelson, who conducted the rule 3.850 hearing, was also the judge who accepted Alexander’s plea. During the evidentiary hearing below the judge stated, “I know what I told him at the conference. He knew exactly what he was doing.” The judge did not, however, attach a transcript of the plea hearing to the order denying the motion, and the record indicates he did not have a copy of that transcript before him during the hearing.
We reverse the .denial of Alexander’s motion as regards his HVFO sentence. If, as the judge recalled, the plea transcript refutes Alexander’s 'claim, the court may again deny the motion on this ground and attach a copy of the transcript to its order. If the transcript of the plea colloquy, or any other document of ’record, does not show that the court confirmed Alexander knew the consequences of an HVFO sentence, the court should hold another evi-dentiary hearing to determine whether Alexander’s attorney discussed the issue with him. See Drumwright v. State, 661 So.2d 972, 972 (Fla. 5th DCA 1995) (remanding for an evidentiary hearing on whether counsel or the court advised the defendant of the consequences of his plea under Ashley ). If his attorney advised him of the consequences of such sentencing, the court may deny his motion because he would not be able to prove prejudice. Cf State v. Luders, 768 So.2d 440, 441 (Fla.2000) (stating that the circuit court is required to advise a defendant of the deportation consequences of a plea, but noting that on a rule 3.850 motion if counsel testifies he or she told the defendant of the consequences even if the court did not, the defendant is not entitled to relief because he cannot show prejudice).
As to Alexander’s claim concerning his designation as a sexual predator, his own testimony at the evidentiary hearing refuted his claim that counsel was ineffective for failing to discuss the designation with him. We affirm the circuit court’s denial of relief on this portion of his motion.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and CANADY, JJ., Concur. . ■