981 So.2d 679 (2008)
Edgar BALTODANO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4967.
District Court of Appeal of Florida, Second District.
May 23, 2008.
Lisa M. Okoh, Tampa, (withdrew after briefing); James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, (substituted as counsel of record), for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Edgar Baltodano appeals the nonsummary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Baltodano claimed that his plea was involuntary because he was not informed of the potential deportation consequences of his plea, either by the trial court or by trial counsel. The postconviction court properly rejected this claim.
*680 Counsel's testimony at the evidentiary hearing supported the postconviction court's finding that counsel advised Baltodano of the possible deportation consequences of his plea. See Blanco v. State, 702 So.2d 1250, 1252 (Fla.1997) ("As long as the trial court's findings are supported by competent substantial evidence, `this [c]ourt will not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.'") (quoting Demps v. State, 462 So.2d 1074, 1075 (Fla. 1984)).
Counsel's advice to Baltodano regarding the deportation consequences of his plea is sufficient to establish that Baltodano was not prejudiced by the trial judge's omission. See State v. Luders, 768 So.2d 440, 441 (Fla.2000) (holding that a defendant is not prejudiced "by the trial court's failure to advise him of the immigration consequences of entering his plea" pursuant to Florida Rule of Criminal Procedure 3.172(c)(8) when the defendant's "counsel advised him thereof and [the defendant] decided to accept the risk"); Fernandez v. State, 780 So.2d 336, 337 (Fla. 3d DCA 2001) ("If counsel properly advised defendant of the [deportation] consequences [of his plea], any error on the part of the trial court with respect to the plea colloquy would not prejudice defendant.").
In his motion, Baltodano raised two additional claims which the postconviction court concluded were not supported by "sufficient facts." One of the claimsthat counsel failed to investigate the case could provide a basis for postconviction relief if Baltodano can allege more specific facts that support the claim and establish a legal basis for relief. In addition, the limited record before this court does not indicate that Baltodano could not state a facially sufficient claim regarding counsel's failure to investigate the case. Therefore, in accordance with Spera v. State, 971 So.2d 754, 761 (Fla.2007), we reverse the postconviction court's order of denial as to this claim and remand for the postconviction court to strike this claim with leave to amend within a reasonable period of time.
Baltodano's other claimthat counsel failed to provide an interpreter for his mother at the sentencing hearing would not entitle Baltodano to postconviction relief even if supported by more specific facts. We therefore affirm the denial of this claim.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, C.J., and FULMER, J., Concur.