988 So.2d 705 (2008)
Jorge MORALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2241.
District Court of Appeal of Florida, Third District.
August 13, 2008.
Mayra Trinchet-Martinez, for appellant.
Bill McCollum, Attorney General, and Lane Hodes, Assistant Attorney General, for appellee.
Before COPE, WELLS, and SALTER, JJ.
COPE, J.
This is an appeal of an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, seeking relief on a claim of failure to warn of deportation consequences of a guilty plea. We conclude that defendant-appellant Jorge Morales is not entitled to relief under State v. Green, 944 So.2d 208 (Fla. 2006).
*706 The defendant was charged with first-degree murder. On May 16, 1996, the defendant entered into a guilty plea to the reduced charge of second-degree murder, and was sentenced to thirty years imprisonment.
During the plea colloquy, the court stated, "Do you understand that your plea today could have adverse consequences to your immigration status?" The defendant answered "yes." This court has previously held that a warning of "adverse consequences" does not sufficiently comply with the warning required by Florida Rule of Criminal Procedure 3.172(c)(8). See Labady v. State, 783 So.2d 275, 277 (Fla. 3d DCA 2001). That is so because the rule requires a warning regarding possible deportation consequences and in this case, as in Labady, the word "deportation" was never mentioned. In the present case, the trial court concluded, and we agree, that the warning was insufficient under Labady.
The trial court ruled, however, that the defendant's claim was time-barred. In 1997, based on the 1996 plea in this case, the defendant was ordered to be deported. During the next two years, the defendant took no action to seek relief from his plea. The window for making a failure-to-warn claim reopened when the Florida Supreme Court announced Peart v. State, 756 So.2d 42 (Fla.2000), and the window closed in 2002.
The defendant filed the present motion in 2007. The trial court concluded that the defendant was not entitled to submit his motion under the extended time limit of State v. Green, 944 So.2d at 219, because the defendant's claim had already become time-barred when the Peart window closed in 2002.
The trial court recognized that in Green, the Florida Supreme Court shortened the limitation period for making a claim of failure to warn of the possible deportation consequences of a plea, and created a new two-year window for making such claims. 944 So.2d at 219. In the trial court's view, the purpose of the two-year window established by Green was to protect defendants whose claims had not yet expired under Peart, but would be time-barred under the new, shorter limitation period established by Green. The trial court ruled that where a defendant's claim had become time-barred under Peart, the Green decision did not revive it.
We agree. Our court has held that "Green did not revive ... unadjudicated claims that unquestionably were time-barred at the time Green was announced...." State v. Freijo, 987 So.2d 190, 191 (Fla. 3d DCA 2008). We certify that we have passed on the same question of great public importance that was stated in Freijo:
WHETHER A DEFENDANT MAY OBTAIN THE BENEFIT OF A NEW TWO-YEAR WINDOW PERIOD UNDER STATE V. GREEN, 944 So.2d 208 (Fla.2006), IF THE CLAIMANT RECEIVED ACTUAL NOTICE OF A DEPORTATION PROCEEDING MORE THAN TWO YEARS BEFORE THE MOTION TO WITHDRAW PLEA?
We also affirm the portion of the order which denied the claim alleging newly discovered evidence. We concur with the trial court that the evidence did not qualify as being newly discovered. See MacFarland v. State, 929 So.2d 549 (Fla. 5th DCA 2006). To the extent that the defendant is alleging that his trial counsel was ineffective at the time of the plea in 1996, the claim is time-barred.
Affirmed; question certified.