PER CURIAM.
 

 Jorge Luis Lopez appeals an order denying, without an evidentiary hearing, his motion filed under Florida Rule of Criminal Procedure 3.850. We affirm.
 

 In 1991, Lopez entered pleas of nolo contendere to one count of sexual battery by a person in a position of familial or custodial authority over a child, and one count of lewd assault. The plea colloquy reveals that the immigration warning required under Florida Rule of Criminal Procedure 3.172(c)(8) was not given. Lopez was adjudicated guilty and sentenced to probation, which he later violated. While serving prison time for the probation violation, Lopez received notice in October 2002 that the federal government
 
 *850
 
 had begun removal proceedings against him based, in part, on his 1991 conviction.
 
 [1]
 
 Lopez’s postconviction motion below sought to withdraw his plea because he claims he would not have entered it had he been aware of the immigration consequences that would arise.
 

 Under
 
 Peart v. State,
 
 756 So.2d 42, 46 (Fla.2000), any defendant “who gained knowledge of the threat of deportation
 
 pri- or
 
 to the filing date of
 
 [Pearf]”
 
 had two years from the decision’s filing date — -April 13, 2000 — to seek withdrawal of his plea. (Emphasis added.) For those defendants, the
 
 Peart
 
 window closed on April 18, 2002.
 
 See Morales v. State,
 
 988 So.2d 705 (Fla. 3d DCA 2008) (holding that defendant who had notice of removal proceedings in 1997 was time-barred to seek withdrawal of his plea after April 2002). A defendant who discovered a threat of deportation after April 13, 2000, had “two years from the date of such discovery to file their claims for relief.”
 
 Peart,
 
 756 So.2d at 46.
 

 Here, Lopez did not discover a threat of deportation until October 2002. According to
 
 Peart,
 
 the law in effect at the time, he could have moved to withdraw his plea until October 2004. Because he did not, his present Rule 3.850 motion was already time-barred when a new two-year window was created by the supreme court in
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006).
 
 See State v. Freijo,
 
 987 So.2d 190, 194 (Fla. 3d DCA 2008). The order denying Lopez’s motion is therefore affirmed.
 

 [1]
 

 . The notice of removal proceedings also informed Lopez that he faced deportation because he did not have a valid immigration document, such as a visa, permitting him to remain in the United States. Because Lopez’s postconviction motion is untimely, there is no need for an evidentiary hearing regarding other potential reasons for deportation.
 
 See Orozco v. State,
 
 987 So.2d 816, 817 (Fla. 3d DCA 2008).