STEVENSON, J.
 

 The State appeals an order granting the defendant’s motion to withdraw his plea on the basis that it was involuntary since he was not advised at the colloquy by the trial judge that the plea carried 'with it a mandatory minimum sentence and no entitlement to gain time. Because the trial court specifically found that defendant was advised of the aforementioned consequences of the plea by his attorney, we reverse.
 

 On June 2, 2004, the defendant entered a plea of no contest to a reduced charge of burglary of a dwelling. The defendant was sentenced as a prison releasee reof-fender (“PRR”) to a mandatory minimum
 
 *1160
 
 sentence of fifteen years. However, the plea form did not indicate that the defendant was being sentenced as a PRR and the meaning of the PRR classification, or the associated mandatory minimum sentence, was not explained to the defendant during the plea colloquy. On July 18, 2006, the defendant filed the instant motion to withdraw plea, arguing that his plea was involuntary because he was not advised that the plea would subject him to a mandatory minimum sentence and that he would not be entitled to gain time.
 

 At a hearing on the defendant’s motion, the attorney who represented the defendant at the underlying plea colloquy testified. The attorney stated that he advised the defendant that, under the terms of the plea agreement, he would be sentenced as a PRR which meant that he would serve every day of his sentence. Further, he specifically advised the defendant that he would not be entitled to gain time. The trial court found that the attorney’s testimony was credible and that the defendant had been advised by the attorney regarding the consequences of his plea. However, the trial court determined because the plea colloquy was insufficient in that the consequences of the PRR classification were not explained on the record, the defendant’s motion had to be granted.
 

 A trial court’s decision to grant a postconviction motion to withdraw plea is reviewed for an abuse of discretion. See
 
 Townsend v. State,
 
 927 So.2d 1064, 1065 (Fla. 4th DCA 2006). In order for a plea to be voluntary, the defendant must be advised of the consequences of his plea, including “any mandatory minimum penalty.” Fla. R. Crim. P. 3.172(c)(1);
 
 Ashley v. State,
 
 614 So.2d 486, 488 (Fla.1993). This requirement is met where a defendant’s attorney advises the defendant of the sentencing consequences of accepting the plea.
 
 See Alexander v. State,
 
 893 So.2d 615, 616 (Fla. 2d DCA 2005). The trial court specifically found the attorney’s testimony was credible and that the defendant had been advised regarding the PRR classification and its consequences. Since the defendant was so advised, he cannot successfully obtain postconviction relief on the ground that his plea was involuntary.
 
 See
 
 Fla. R. Crim. P. 3.172(j) (requiring a showing of prejudice where a defendant is not properly advised of the consequences of his plea);
 
 see, e.g., State v. Luders,
 
 768 So.2d 440, 441 (Fla.2000) (defendant was not prejudiced by trial court’s failure to advise him of possible deportation consequences of plea where defendant’s attorney advised him of this risk). Thus, the trial court’s order is reversed.
 

 Reversed.
 

 TAYLOR and GERBER, JJ., concur.