NORTHCUTT, Chief Judge.
Louisa Jaar is a Canadian citizen who, in 1998, pleaded nolo contendere to charges of grand theft, a third-degree felony, and trespass, a first-degree misdemeanor, in Pinellas County. When the circuit court accepted her pleas, it did not advise her of the possible deportation consequences. See Fla. R.Crim. P. 3.172(c)(8). After deportation proceedings were instituted against Jaar in late 2005, she moved to withdraw the pleas. See Fla. R.Crim. P. 3.850(a)(5). She appeals the postconviction court’s denial of that motion. We reverse.
Before accepting a defendant’s plea of guilty or nolo contendere, the court must be satisfied that the plea is being entered voluntarily. Fla. R.Crim. P. 3.172(a). Rule 3.172(c)(8) specifically requires the court to ensure that the defendant understands that the plea may subject her to deportation if she is not a United States citizen. Under case law prevailing at the time Jaar filed her postconviction motion, a defendant who sought relief based on the court’s failure to comply with this rule was required to establish that: (1) she did not know the plea might result in deportation; (2) she was being threatened with deportation because of the plea; (3) if she had known of the potential deportation consequence, she would not have entered her plea; and (4) she was prejudiced by the circuit court’s failure to determine whether she understood the potential consequence of deportation. See State v. Seraphin, 818 So.2d 485, 487-88 (Fla.2002); Peart v. State, 756 So.2d 42, 47 (Fla.2000), receded from by State v. Green, 944 So.2d 208 (Fla.2006).[1]
In Jaar’s case, it was undisputed that the circuit court did not follow the requirements of rule 3.172(c)(8) when it accepted her plea. At the hearing on her postcon-viction motion, Jaar testified that she moved to this country with her family in 1972, when she was nine years old. When she entered her plea to the criminal charges in 1998, she believed that she was a “permanent resident” of the United States and that this status allowed her to work, go to school, and live in this country. As a permanent resident, she did not think she was subject to deportation. Jaar further stated that her lawyer did not discuss the deportation consequences with her and that she did not remember the subject being addressed in her written plea agreement. She affirmed that she was unaware that her plea might lead to deportation, and she declared that she would not have entered a plea if she had known that fact.
An immigration attorney then testified as an expert witness. The attorney opined that Jaar would not be deported if her 1998 convictions were vacated.
In denying Jaar’s request for relief, the postconviction court noted that Jaar had believed she could not be deported because she was a permanent resident of the United States. Based on that fact, the court found it improbable that Jaar would have refused to enter a plea if she had been advised of the possibility of deportation, citing Seraphin, 818 So.2d 485; Johnson v. *1166 State, 760 So.2d 992 (Fla. 2d DCA 2000); and State v. Rajaee, 745 So.2d 469 (Fla. 5th DCA 1999). For this reason, the court ruled that Jaar had failed to prove she was prejudiced by the court’s failure to advise her of the deportation consequences.
The cases on which the postconviction court relied are distinguishable from Jaar’s case on a crucial point: Seraphin, Johnson, and Rajaee mistakenly believed that they were citizens of the United States, or they were confused about their citizenship status. As we noted in Johnson, there was no reason to suspect that a warning about the possibility of deportation would have altered Johnson’s decision to plead because Johnson, believing himself to be a citizen, would not have thought the warning applied to him. Any prejudice would have stemmed from his own mistake about his citizenship, not from the court’s failure to advise him. 760 So.2d at 993.
Jaar, on the other hand, knew she was not a United States citizen. The purpose of rule 3.172(c)(8) is to put a defendant on notice that she should understand her citizenship status and that, if doubts exist, she should resolve them before entering a plea. See Seraphin, 818 So.2d at 489; Rajaee, 745 So.2d at 470. Jaar’s is exactly the sort of case in which the warning could have raised red flags and prompted an inquiry. The postconviction court’s speculation that Jaar would have pleaded even if she had notice and its inference that she would have forgone investigation of her status were refuted by Jaar’s undisputed testimony that she would not have entered the plea if she had known that it might subject her to deportation. Jaar established the prejudice required under Peart, 756 So.2d at 47.
We reverse the order denying Jaar’s motion for postconviction relief and remand with direction that she be permitted to withdraw her 1998 pleas.
WHATLEY and CANADY, JJ„ Concur.

. Green now requires that a motion alleging a violation of rule 3.172(c)(8) must be filed within two years of the date that the judgment and sentence or order withholding adjudication becomes final. 944 So.2d at 218. Jaar's motion was filed in February 2006, before the Florida Supreme Court decided Green, so the new time limit for filing does not apply here. Green also lessened the pleading requirements, such that a defendant no longer must allege a specific threat of deportation. An allegation that the plea subjects the defendant to deportation is sufficient. Id. Jaar’s motion was facially sufficient under the requirements applicable at the time she filed it.